UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUSSELL GENE CLIFTON, JR.,

      Plaintiff,

v.                                                    Case No:   6:14-cv-1111-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## REPORT AND RECOMMENDATION

     Plaintiff Russell Gene Clifton, Jr. brings this action pursuant to the Social Security

Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c), to obtain judicial review of a

final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security

Income ("SSI") under the Act.   Plaintiff argues that the administrative law judge ("ALJ")

erred in considering the medical opinions in the record, in assessing his visual limitations,

and in evaluating his credibility (Doc. 17 at 14, 22, 32, 38).   Based upon a review of the

administrative record and the pleadings and joint memorandum submitted by the parties,

and for the reasons that follow, I respectfully recommend that the Commissioner's final

decision be **reversed** and **remanded** for further proceedings consistent with the findings in

this report, pursuant to sentence four of 42 U.S.C. § 405(g).

### I. Background

     Plaintiff, a former warehouse worker with a high school education, protectively filed

applications for DIB and SSI on December 12, 2012, alleging that he became disabled on

November 1, 2011 (Tr. 10, 182-94, 243).   His requests were denied initially and on

reconsideration, and he asked for a hearing which was held on August 15, 2013 (Tr. 10, 32-54, 110-14, 116-21, 123-27, 137-41,143).   On September 13, 2013, the ALJ issued his decision denying Plaintiff's applications for benefits (Tr. 10-26).   Plaintiff requested review by the Appeals Council, which was denied by order dated May 24, 2014 (Tr. 1-6). Plaintiff has exhausted his administrative remedies and this matter is properly before the Court.

The ALJ employed the five step sequential evaluation process which appears at 20 C.F.R. §§ 404.1520 and 416.920 to evaluate Plaintiff's claims.[1]   At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date (Tr. 12).   At step two, the ALJ concluded that Plaintiff was severely impaired by bipolar disorder, right knee disorder, right eye disorder, and obesity (Id.).   At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment (Tr. 12-17).

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work subject to the following limitations: he can only occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally balance, kneel, and crawl; he is "limited to frequent peripheral vision, visual acuity, and

---

[1] The five steps are summarized as follows:
1. Is the claimant performing substantial gainful activity?
2. Does the claimant have a severe impairment?
3. Does the claimant have a severe impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?
4. Can the claimant perform past relevant work?
5. Based on the claimant's age, education, and work experience, can the claimant perform other work of the sort found in the national economy?
The claimant bears the burden of proof for the first four steps and at the fifth step, the burden shifts to the Commissioner to demonstrate the existence of a significant number of jobs in the national economy that the claimant can perform.   Phillips v. Barnhart, 357 F.3d 1232, 1241 n. 10 (11th Cir. 2008).

depth perception;" and he can have at most occasional interaction with the public, co-workers, or supervisors (Tr. 17-24).

Based upon Plaintiff's RFC, the ALJ decided at step four that Plaintiff could not perform his past relevant work (Tr. 24-25).   But, relying on the testimony of a vocational expert, the ALJ found at step five that Plaintiff could perform other work available in significant numbers in the national economy, including as a retail marker and garment sorter (Tr. 25-26).   Based on these findings, the ALJ found that Plaintiff was not disabled (Tr. 26).

## II. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.   Crawford v. Commissioner, 363 F.3d 1155, 1158 (11th Cir. 2004).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla but less than a preponderance.   It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."   Winschel v. Commissioner, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]"   Id.   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact, but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applied the law or failed to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1992). When it reviews the Commissioner's final decision, the Court is authorized to "enter ... a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a hearing." 42 U.S.C. § 405(g).

### III. Discussion

When evaluating a claimant's RFC, the ALJ must weigh the opinions and findings of treating, examining, and non-examining physicians and psychologists. The ALJ must consider all relevant factors in determining the weight to afford a treating physician's opinion, including the nature and duration of the relationship between the provider and the patient, any evidence the source presents in support of the opinion, the opinion's consistency with the record, and the provider's specialty. 28 C.F.R. §§ 404.1527(c), 416.927(c). An "opinion" is any statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical or mental restrictions. Winschel, 631 F.3d at 1178-79; 20 C.F.R. §§ 404.927(a)(2), 416.927(a)(2). When confronted with a medical source opinion, the ALJ must state with particularity the weight given to the opinion and the reasons therefor. Id., (citing 20 CFR.

- 4 -

§ 404.1527(a)(2); <u>Sharfarz v. Bowen</u>, 825 F.2d 278, 279 (11th Cir. 1987)).   The ALJ must

include this information in the decision so that reviewing courts can "determine whether

the ultimate decision on the merits of the claim is rational and supported by substantial

evidence."   <u>Winschel</u>, 631 F.3d at 1178-79 (quoting <u>Cowart v. Schweiker</u>, 662 F.2d 731,

735 (11th Cir. 1981)).

    At issue in this case is the opinion of Dr. Minal Krishnamurthy, M.D., who

evaluated Plaintiff's application for benefits at the reconsideration stage (Tr. 77-104).

Based on the evidence in the record, Dr. Krishnamurthy concluded that Plaintiff could lift

up to 10 lbs. frequently and 20 lbs. occasionally, sit for up to 6 hours in an 8-hour

workday, and stand for up to 2 hours in an 8-hour workday (Tr. 84, 98).   Dr.

Krishnamurthy opined, based on the "seven strength factors of the physical RFC

(lifting/carrying, standing, walking, sitting, pushing, and pulling)," that Plaintiff

"demonstrate[d] the maximum sustained work capability" for sedentary work (Tr. 89,

103).[2]

    The ALJ's decision contains the following discussion of Dr. Krishnamurthy's

opinion:

> As for the opinion evidence regarding the claimant's physical
> impairments, the undersigned gives great weight to State
> agency consultant, Minal Krishnamurthy, M.D., who on March
> 6, 2013 opined the claimant could lift and/or carry 20 pounds
> occasionally and 10 pounds frequently; stand and/or walk a
> total of 2 hours in an 8-hour work day; sit a total of 6 hours in
> an 8-hour workday; and occasionally climb ramps and stairs,
> balance, kneel, and crawl. Dr. Krishnamurthy also found visual
> limitations in the right eye (Exhibit 5A).   Although Dr.
> Krishnamurthy did not examine the claimant, he provided

---

[2] Under the Commissioner's regulations, "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.   Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.   Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."   20 C.F.R. §§ 404.1567(a), 416.967(a).

> specific reasons for his opinion about the residual functional capacity showing that his opinion was grounded in the evidence in the case record including careful consideration to the claimant's activities of daily living and allegations about his symptoms and limitations.

(Tr. 20).

Despite giving "great weight" to Dr. Krishnamurthy's opinion, the ALJ failed to include the doctor's opinion that Plaintiff was limited to standing 2 hours per day in Plaintiff's RFC assessment.   This may be why the ALJ determined that Plaintiff was capable of performing light rather than sedentary work.[3]   The ALJ did not explain his reasons for these findings in his opinion.   The lack of any explanation for the ALJ's decision finding Plaintiff capable of standing for more than 2 hours per day makes it impossible for the Court to conduct a meaningful review of Plaintiff's RFC assessment and requires reversal.   Maffia v. Commissioner, 291 Fed. Appx. 261, 265 (11th Cir. 2008).

The Commissioner argues that Dr. Krishnamurthy's opinion actually *supports* the ALJ's RFC assessment (Doc. 17 at 18).   The Commissioner reasons that even under Dr. Krishnamurthy's assessment, Plaintiff was capable of "a reduced range of light work" since Dr. Krishnamurthy indicated that Plaintiff could perform the lifting, carrying, pushing, and pulling demands of light work (Id.).   I disagree.   Assuming the Commissioner is correct to say Plaintiff can perform "a reduced range of light work," it does not follow that any RFC assessment reflecting a reduced range of light work will suffice.   The RFC assessment must reflect all of the claimant's limitations, not just some of them.   20

---

[3] Light work is defined as work that either "involves lifting no more than 20 pounds at a time or carrying of objects weighing up to 10 pounds," or that "requires a good deal of walking or standing."   20 C.F.R. §§ 404.1567(b), 416.967(b).   Seated jobs may fall into the light work category when they involve "some pushing and pulling of arm of leg controls."   Id.

C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); <u>Davis v. Commissioner</u>, No. 6:12-cv-1694-Orl-36TBS, 2013 WL 6182235, at *7 (M.D. Fla. Nov. 25, 2013) (citing <u>Winschel</u>, 631 F.3d at 1181).   While some light work does not require prolonged standing or walking, most does.   <u>See</u> Social Security Ruling ("SSR") 83-12, 1983 WL 31253, at 4 (Jan. 1, 1983) ("[R]elatively few light jobs ... are performed primarily in a seated position....").   Plaintiff's limitation on standing is meaningful because it eliminates most light work and therefore, it should have been included in his RFC.   Alternatively, if the ALJ made a conscious decision to omit any limitation on Plaintiff's ability to stand from his RFC, then the ALJ should have explained why he arrived at that decision.

The Commissioner argues that even if the ALJ got Plaintiff's RFC wrong, Plaintiff provided no evidence that he was incapable of performing the jobs of garment sorter and retail marker (Doc. 17 at 21).   It is true that there is no evidence in the record of what these jobs entail.   But, at step five, it is the Commissioner's burden to prove that the claimant can perform other work existing in significant numbers in the national, regional, or local economy.   <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1241 n. 10 (11th Cir. 2008).   The Commissioner is simply speculating that a person who can stand only two hours a day can work as a garment sorter or retail marker.   This is insufficient for the Commissioner to satisfy her burden.   Administrative determinations "based on pure speculation, conjecture, and surmise" are by definition not "supported by substantial evidence on the record as a whole."   <u>NLRB v. Florida Steel Corp.</u>, 586 F.2d 436, 445 (5th Cir. 1978);[4] <u>Morales v. Astrue</u>, No. 6:11-cv-336-Orl-TEM, 2012 WL 3291747, at *16 (M.D. Fla. Aug. 13, 2012).   Even if there was some basis in the record for the Commissioner's assertion,

---

[4] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

courts may not affirm administrative decisions based on post-hoc rationalizations advanced for the first time by counsel in federal court.   Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) (citing SEC v. Chenery Corp., 318 U.S. 80, 94, 96 (1943)).

The Commissioner cites several pages of medical evidence that supposedly form the basis for the ALJ's unstated rejection of Dr. Krishnamurthy's opinion that Plaintiff could not stand for more than 2 hours in an 8-hour work day (Doc. 17 at 19-20).   But neither the ALJ in his decision nor the Commissioner in her argument explains how this evidence undermines Dr. Krishnamurthy's opinion.

The Commissioner also suggests that the ALJ's error was harmless, and that remanding "to have the ALJ expressly accept or reject [Dr. Krishnamurthy's opinion regarding Plaintiff's ability to stand] ... is not required and would serve no practical purpose, would not significantly alter the ALJ's findings, and would be a waste of judicial and administrative resources."  (Tr. 19).   This contention assumes—and asks the Court to assume—that the ALJ's failure to expressly reject Dr. Krishnamurthy's opinion was the result of an inadvertent omission.   There is no basis for the Commissioner's assumption, especially after the ALJ gave Dr. Krishnamurthy's opinion "great weight," finding that it was "grounded in the evidence in the case record including careful consideration to the [Plaintiff's] activities of daily living and allegations about his symptoms and limitations." (Tr. 20).   It is equally likely that the ALJ simply overlooked one aspect of Dr. Krishnamurthy's opinion.   The Commissioner's argument also suggests that the ALJ has already made up his mind so that if the Court remands, the ALJ will simply add a sentence to his prior decision explicitly rejecting part of Dr. Krishnamurthy's opinion.

It is not "a waste of judicial and administrative resources" to insist that the Commissioner provide a reasoned decision, supported by substantial evidence, when

denying benefits to a claimant.   The point of substantial evidence review under § 405(g) is to ensure that the Commissioner has given an adequate explanation when she denies a claim for Social Security benefits.   Affirming the decision under review would be tantamount to abdicating the responsibility Congress has given to the Court–and allowing the agency to abdicate its own Congressionally-imposed duty to explain its decisions, see 42 U.S.C. §§ 405(b)(1), 1395ff(d)(4)(A).

Because remand is necessary, the Court need not address Plaintiff's other objections.   Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)). Nevertheless, Plaintiff's third assignment of error–that the ALJ failed to adequately account for Plaintiff's visual limitations in the RFC assessment–warrants brief discussion. At least for the purposes of this appeal, the parties do not dispute that Plaintiff is blind (20/400) in his right eye (Doc. 17 at 5, 34, 35).   The ALJ found that Plaintiff was "limited to frequent peripheral vision, visual acuity, and depth perception."   (Tr. 17).   This language is confusing, and visual limitations may not always be appropriately expressed in terms of the frequency-based descriptions the Commissioner uses to evaluate most other functional limitations.   For example, a person who is blind in one eye will have a field of view that is reduced by 10-40 degrees and a significantly reduced ability to perceive depth at short (but not long) distances.   Albertson's Inc. v. Kirkingburg, 527 U.S. 555, 565, 566-67 & n. 12 (1999); EEOC v. United Parcel Service, Inc., 424 F.3d 1060, 1064 (9th Cir. 2005).   In some professions, visual abilities may be particularly important, even though no particular visual function requires continuous, as opposed to merely frequent, use.   On remand, the ALJ should consider whether additional or entirely different visual limitations might be warranted.

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.   The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2.   The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3.   Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4.   Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 1, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record